### MARY M. JACKSON ET AL. v. JAMES C. McCOY.

VENDOR AND VENDEE. *Specific performance. Parties to bill.*

Where a vendee of land, having a title-bond therefor, has died, and no administrator of his estate is appointed, the vendor may maintain a bill for specific performance of the contract of sale against the heirs of the vendee, notwithstanding there is no administrator of his estate.

APPEAL from the Chancery Court of Montgomery County. Hon. R. W. WILLIAMSON, Chancellor.

The case is stated in the opinion of the court.

*J. M. Ellis,* for the appellants.

The administrator of the vendee is a necessary party, because the demand is a debt of the estate for which the personal assets are primarily liable. *Mullins* v. *Sparks,* 43 Miss. 129; *Reedy* v. *Armstead,* 2 Geo. 354; Story's Eq. Pl., sect. 177; *Reed* v. *Gregory,* 46 Miss. 740. If the personal estate, by a *devastavit,* becomes insufficient to pay the debt, the heirs can insist on this as a defence to an application for the sale of the land. *Paine* v. *Pendleton,* 3 Geo. 320. The fact that the complainant has a vendor's lien does not change the rule. Story's Eq. Pl., sect. 177; Code 1871, sect. 1196. If, under the law, no administration could be had, then, and then only, could the Chancery Court entertain such a bill as is preferred in this suit. *Porter* v. *Kortrecht,* 54 Miss. 66.

*W. C. McLean,* for the appellee.

1. Since there is no administration, the case is similar to where the heir or distributee sues in equity to recover the

property of his ancestor on the allegation that there are no debts due by the estate, or that the administration has been closed. *Hill* v. *Boyland*, 40 Miss. 642, 643 ; *Wood* v. *Ford*, 7 Cushm. 65 ; *Manly* v. *Kidd*, 33 Miss. 148 ; *Farve* v. *Graves*, 4 Smed. & M. 711.

2. There is a material difference between a bill for specific performance and one enforcing the ordinary vendor's lien. In the former case, the vendor has an *express lien by contract;* in the latter, *only an implied lien by law.* When the vendor makes an executory contract for the sale of land, then the vendor is a trustee to the vendee for the title ; and the vendee, or, in case of his death, his heir, is a trustee to the vendor for the unpaid purchase-money. The same relation exists between them as there does between mortgageor and mortgagee. *Pitts* v. *Parker*, 4 Miss. 251, 252 ; *Tanner* v. *Hicks*, 4 Smed. M. 299, 300. It is settled, that the mortgagee can maintain his bill for foreclosure against the heir *alone*, and is not compelled to make the administrator a party. *Bryne* v. *Taylor*, 46 Miss. 97 ; Story's Eq. Pl., sects. 175, 186, 196.

GEORGE, C. J., delivered the opinion of the court.

The appellee sold land to one Jackson, and gave a bond to make title upon payment of the purchase-money. The vendee died, and no administration has been granted on his estate. The purchase-money having become due, the appellee tendered a deed to the heirs of Jackson, and demanded payment. The heirs declined to pay ; and thereupon the appellee filed his bill, asking for a sale of the land for the purchase-money.

The heirs of Jackson demurred, upon the ground that the bill could not be maintained against them alone, when there was no personal representative of the vendee. The demurrer was overruled, and the heirs of Jackson appealed.

We think there was no error in the ruling of the chancellor. If there had been a personal representative, he would have been a necessary party ; but as the vendor had, by the contract of sale, a right to hold the title to the land until payment was

made, and as this title, upon the payment of the price, was to be conveyed to the heirs, it would be improper to delay and embarrass the vendor in the collection of his debt by requiring him to cause administration to be granted on the estate of his debtor. An administrator, when appointed, would be the representative of the personal assets only. The vendor does not seek any relief as against these assets. He is content to abide by the security which he reserved in his contract. He is not concerned with the application of the personal assets in exoneration of the security which he holds. The heirs alone are interested in that; and if they desired to have such application made, it was their duty to have caused an administrator to be appointed. Having failed to take this step for their own benefit, they cannot complain that the vendor presses his security against the only parties who are *in esse* and liable to be sued, and who are the legal representatives of the property sought to be subjected.

Decree affirmed.